```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

JAMES ELDERS,

                      Petitioner,

vs.                                    Case No.  2:09-cv-66-FtM-36DNF

SECRETARY, DOC; FLORIDA ATTORNEY
GENERAL,

                      Respondents.
_____
```

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner James Elders initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) and Memorandum of Law (Doc. #6, Memorandum) pursuant to 28 U.S.C. § 2254 on February 2, 2009.[1] Respondent filed a Response (Doc. #13, Response) to the Petition and supporting exhibits (Doc. #14, Exhs. 1-18) consisting of relevant post-conviction records. Petitioner filed a Reply (Doc. #18, Reply).

The Petition challenges Petitioner's judgment of conviction entered in the Twentieth Judicial Circuit, Hendry County, Florida

---

[1] The Petition was filed in this Court on February 4, 2009, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. *Id.* Because no prison date stamp appears on the Petition, the Court assumes Petitioner gave the Petition to prison officials for mailing on the date he signed the Petition.

in case number 94-223CF on September 28, 1995.[2]  Petitioner raises

the following four grounds for relief:

> Ground One- trial court erred by denying relief on Elders' absence from sidebar during voir dire and denying a peremptory challenge;
>
> Ground Two- trial court erred in denying relief on Elders' right to testify on his own behalf, which was denied by counsel and wrongly explained by the trial judge;
>
> Ground Three- trial court erred in denying relief when Elders proved several H.R.S reports, valuable to the defense, were withheld by the State, and;
>
> Ground Four- trial court erred in denying relief on Elders' claim of ineffective assistance of counsel stemming from counsel's failure to explain the implication of him waiving his right to a speedy trial.

*See generally* Petition.

This Court has carefully reviewed the record and, for the reasons set forth below,  concludes no evidentiary proceedings are required in this Court.  *Schriro v. Landrigan*, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record

---

[2]Respondent notes that Petitioner was also convicted in a separate case, case number 94-220CF, in July 1995. Response at 2, fn. 1.  In the July 1995 case, Petitioner was tried by a jury and found guilty of one count of capital sexual battery and three counts of lewd fondling.  Each count involved a different child than the child victim in the case at issue *sub judice*.  On September 18, 1995, Petitioner was sentenced in case number 94-220CF.  Petitioner is not challenging his convictions in case number 94-220CF in the instant action.

before the Court. *Schriro*, 127 S. Ct. at 1940; *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034 (2004).

As discussed hereafter, the Court finds the Petition is untimely and must be dismissed.

**I.   Procedural History**

   **A.   Charges and Trial**

On June 30, 1994, Petitioner was charged by Information with two counts of lewd fondling and one count of lewd act in the presence of a child. Response at 2; Exh. 1 at 1-2. Petitioner proceeded to a jury trial, represented by retained counsel, and was found guilty as charged. Exh. 2. On September 28, 1995, the court sentenced Petitioner to a concurrent fifteen-years imprisonment for the lewd fondling convictions in counts one and two, and a consecutive sentence of ten-years imprisonment for the lewd act conviction in count three. Exh. 3.

   **B.   Direct Appeal**

On November 26, 1995, Petitioner, through counsel, filed an initial brief. Exh. 4. The State filed an answer brief and Petitioner filed a reply brief. Exhs. 5-6. On April 25, 1997, the appellate court entered an order *per curiam* affirming Petitioner's judgment and conviction. Exh. 7; *Elders v. State*, 697 So. 2d 147 (Fla. 2d DCA 2007)[table]. Petitioner moved for rehearing, which

the appellate court denied on June 3, 1997. Exhs. 8-9. Mandate issued on August 17, 1997. Exh. 10.

Petitioner sought discretionary review in the Florida Supreme Court (case number 90, 843). On June 27, 1997, the Florida Supreme Court dismissed the petition for review. Exh. 11; *Elders v. State*, 697 So. 2d 510 (Fla. 1997)[table].

**C. Post-conviction motion pursuant to Fla. R. Crim. P. 3.850**

On July 16, 1999,[3] Petitioner filed his initial *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Exh. 12. Petitioner, through counsel, filed an amended Rule 3.850 motion on October 7, 1999. Exh. 13. After holding an evidentiary hearing on some of the claims, the post-conviction court issued a final order on January 22, 2007, denying

---

[3]The Court notes that Petitioner's initial Rule 3.850 motion is not contained in the record. Counsel for respondent submits that she was unable to obtain a copy of the motion by the time the instant Response was due. Respondent further submits, however, that the post-conviction court noted, in its July 1, 2003 order, that Petitioner provided evidence demonstrating that he had placed his initial Rule 3.850 motion in the hands of prison authorities for mailing on July 16, 1999. Exh. 12 at p. 2, fn. 1. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000). Therefore, this is the date the Court uses when calculating the statute of limitations under AEDPA.

the remaining claims as to case numbers 94-223CF and 94-220CF. Exh. 14.

Petitioner appealed the post-conviction court's order denying him relief. On February 15, 2008, after briefs had been filed by Petitioner's appointed counsel and the State, the appellate court *per curiam* affirmed the post-conviction court's denial of Petitioner's Rule 3.850 motion. Exh. 15; *Elders v. State*, 987 So. 2d 1217 (Fla. 2d DCA 2008)[table]. Petitioner, through counsel, filed a motion for rehearing, which the appellate court denied on April 4, 2008. Exhs. 16, 17. Mandate issued on April 21, 2008. Exh. 18.

**II. Petitioner's Habeas Corpus Petition is Untimely**

Petitioner signed his § 2254 Petition on February 2, 2009. Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Neither party disputes the applicability of the AEDPA.

On April 24, 1996, the President signed into law AEDPA. This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

>   judgment of a State court. The limitation period shall run from the latest of –
>
>   >   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   >
>   >   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   >
>   >   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   >
>   >   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent seeks dismissal of the Petition as time-barred due to the Petitioner's failure to comply with the one-year period of limitations as set forth in § 2244(d). *See* Response at 5-10.

Here, Petitioner's state conviction became final on **September 1, 1997**, which is ninety-days after the June 3, 1997 order denying Petitioner's motion for rehearing on direct appeal and is when the period to file a petition for writ of *certiorari* expired. *See* 28 U.S.C. § 2244(d)(1)(A); Rule 13.3 of the United States Supreme Court;[4] s*ee generally McMillan v. Sec'y Dept. of* Corr., 257 F. App'x 249, 250 (11th Cir. 2007)(citing *Bond v. Moore,* 309 F.3d 770, 773-74 (11th Cir. 2002)(finding conviction became final upon issuance of order affirming the conviction and sentence on direct appeal); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000)(explaining that in Florida, an appellate court's order denying rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief is pending until the mandate issues). Consequently, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on **September 1, 1998.**[5] Consequently, the Petition, deemed filed in this Court on February 2, 2009, would be untimely, unless

---

[4]A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, United States Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[5]Applying "anniversary date of the triggering event." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Petitioner availed himself of one of the statutory provisions that extends or tolls the federal time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, assuming *arguendo* that Petitioner's petition for discretionary review filed in the Florida Supreme Court tolled the federal time period, almost two years elapsed between the date the Florida Supreme Court dismissed the petition and the date Petitioner filed his first state post-conviction motion- a motion pursuant to Florida Rule of Criminal Procedure 3.850, mailed on July 16, 1999. Exh. 12.

Petitioner disputes that his Petition is untimely and asserts that he was required to exhaust his remedies before the Florida courts before filing the instant Petition. Petition at 13. Petitioner sets forth what he perceives is Florida's exhaustion procedure for post-conviction claims. *Id.* However, precedent provides that federal habeas petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the requirements of AEDPA do so at their peril. *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008)(citing *Howell v. Crosby*, 415 F.3d 1250, 1251-52 (11th Cir. 2005); *see also Tinker v. Moore*, 255 F.3d 1331, 1334-35 (11th Cir. 2001)(holding that Florida's then-applicable two-year limitations period for state

habeas petitions did not toll the federal one-year period; rather, a federal petitioner "must exercise his [state remedy] within one year ... and do so in a manner that leaves him sufficient time to timely file his federal petition").

Petitioner also avers that the one-year period under AEDPA did not begin to run until all post-conviction remedies were exhausted. Petition at 13; Reply at 2. As previously stated, under § 2244(d)(2), the limitations period is tolled during the time that a "properly" filed application for state post-conviction or other collateral review is *pending* with respect to the particular conviction. Petitioner, therefore, mistakenly believes that the time during which he had no post-conviction motions pending regarding his conviction at issue was tolled. Reply at 2. Significantly, Petitioner does not explain why almost two years elapsed between the date the Florida Supreme Court denied his petition for discretionary review and the date he filed his Rule 3.850 motion concerning his conviction and sentence at issue *sub judice*. Because Petitioner's Rule 3.850 motion was filed after the expiration of the one-year federal time period, neither that motion, nor any subsequent collateral applications, even if properly filed, tolled the federal limitations period. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)(stating "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.

2000), *cert. denied*, 531 U.S. 991 (2000)(stating "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Thus, the instant Petition is untimely and subject to dismissal under § 2254(d), unless Petitioner can establish grounds to support equitable tolling.

The United States Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Id.* at 2562 (internal quotations and citations omitted). As to the first prong, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." *Id.* at 2565. Second, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Id.* at 1268 (citations omitted). Here, Petitioner fails to demonstrate that he is entitled to equitable tolling.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Motion to Dismiss as Time-Barred incorporated in the Respondent's Response is **GRANTED**. The Petition is **DISMISSED,** with prejudice, as time-barred.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability . *Id.* "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The issues raised by Petitioner do not satisfy these standards. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** in Fort Myers, Florida, on this 27th day of July, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record

-12-